Matthew Righetti (State Bar No. 121012)
John Glugoski (State Bar No. 191551)
Michael Righetti (State Bar No. 258541)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:    (415) 983-0900
Facsimile:    (415) 397-9005

REUBEN D. NATHAN, State Bar No. 208436
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, CA 92101
Telephone: 619-272-7014/ Facsimile: 619.330.1819
Email:rnathan@nathanlawpractice.com

ATTORNEYS FOR PLAINTIFF


Rod M. Fliegel (State Bar No. 168289)
Alison S. Hightower (State Bar No. 112429)
Gal Gressel (State Bar No. 286312)
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  90104
Telephone:    (415) 433.1940
Facsimile:    (415) 399.8490

Attorneys for Defendant
HOME POINT FINANCIAL CORPORATION

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON NOROMA, an individual and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>HOME POINT FINANCIAL CORPORATION and DOES 1 through 100, inclusive<br><br>            Defendants. | Case No. **4:17-cv-07205-HSG**<br><br>**STIPULATION REGARDING FIRST AMENDED COMPLAINT** |

Plaintiff Brandon Noroma and Defendant Home Point Financial Corporation (collectively, the "Parties") submit the following stipulation regarding the filing of a First Amended Complaint.

WHEREAS, on December 19, 2017, Plaintiff filed his Complaint in this action;

WHEREAS, on February 2, 2018, Defendant filed its Answer to the Complaint;

WHEREAS, Plaintiff seeks to (1) add claims under the California Private Attorneys' General Act for civil penalties; (2) correct the name of Plaintiff Brandon Noroma to "Norona," and (3) remove Doe defendants from the caption;

WHEREAS, Defendant has reviewed Plaintiff's Proposed First Amended Complaint ("FAC"), attached as Exhibit A, and has agreed to its filing under the condition that it be allowed 30 days to respond and it need not file an Answer until 14 days following final disposition of any Rule 12 motion it may file;

**THEREFORE**, the Parties stipulate and agree as follows:

1. Plaintiff may file the FAC (attached as Exhibit A) within five days of being granted leave to do so by the Court.

2. Defendant will have 30 calendar days from the date of service of the FAC to file its responsive pleading. If Defendant files as its responsive pleading a motion under Rule 12 of Federal Rules of Civil Procedure, it need not file an Answer until 14 days following final disposition of the motion.

3. The Parties expressly acknowledge and agree that this Stipulation does not waive, and the parties expressly reserve, all rights, including their rights to challenge all claims and to assert all appropriate claims and defenses and evidence in this litigation as allowed by law.

**IT IS SO STIPULATED.**

DATED: March 7, 2018                    LITTLER MENDELSON, P.C.


                                        By: _Alison S. Hightower_
                                            Alison Hightower
                                            Attorneys for Defendant
                                            Home Point Financial Corporation

DATED: March 7, 2018                    RIGHETTI GLUGOSKI, P.C.


                                        By: _Righetti_
                                            Matthew Righetti
                                            Attorneys for Plaintiff


## **ORDER**

Pursuant to the parties' stipulation, and good cause appearing, it is so Ordered.


DATED: ___3/8/2018___


                                        _Haywood S. Gilliam Jr._
                                        Honorable Haywood S. Gilliam, Jr.



**EXHIBIT A**

MATTHEW RIGHETTI, State Bar No. 121012
JOHN GLUGOSKI State Bar No. 191551
MICHAEL RIGHETTI State Bar No. 258541
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
Email: matt@righettilaw.com
Email: jglugoski@righettilaw.com
Email: mike@righettilaw.com

REUBEN D. NATHAN, State Bar No. 208436
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, CA 92101
Telephone: 619-272-7014/ Facsimile: 619.330.1819
Email: rnathan@nathanlawpractice.com

ATTORNEYS FOR BRANDON NORONA

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Norona, individually and on behalf of all others similarly situated, | Case No.: 3:17-cv-07205 |
| Plaintiffs, | CLASS ACTION |
| Home Point Financial Corporation | FIRST AMENDED COMPLAINT FOR VIOLATIONS OF: |
| Defendants. | 1. VIOL. OF FLSA 2. VIOL. OF CA LABOR CODE 3. VIOL. OF BUS. AND PROF. CODE SECTION 17200 4. PAGA PENALTIES |

_____/

## INTRODUCTION

1.     Comes the representative Plaintiff, BRANDON NORONA and file this lawsuit against Defendant, Home Point Financial Corporation for themselves and all other similarly situated individuals, for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of the FLSA by Home Point Financial Corporation (collectively, "Home Point" and/or "Defendant") which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages. The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to both California law and § 216(b) of the FLSA.

## JURISDICTION AND VENUE

2.     Jurisdiction over Plaintiff's federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendants Home Point Corporation has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

4.     Jurisdiction over Plaintiff's state law class action claims under the California Labor Code and the claim under §17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

5.     The Plaintiff was employee for the Defendants and brings this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendants on behalf of himself and all others similarly situated because of Defendants' unlawful deprivation of Plaintiff's rights to all wages owed.  Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended 29 U.S.C. § 201 *et seq.*  Plaintiff also seeks relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendants of failing to compensate Plaintiff and all others similarly situated for all wages owed.

6.     Defendants are in the business of selling loans to consumers.  Home Point operates its business throughout the country, including in the State of California.

7.     The similarly situated individuals include non-exempt employees who worked as employees of Home Point, worked overtime and earned commission and bonus pay (including, loan originators, mortgage professionals, loan officers, and loan processors; hereinafter "Home Point Employees").  Home Point Employees are not compensated by Defendant for all hours they worked, including, but not limited to proper overtime.

8.     The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action").  The FLSA Action is brought on behalf of Home Point Employees who worked during the period three years prior to the date that this lawsuit was filed through the date of judgment (hereinafter "the FLSA Employees").  The FLSA Action seeks to (i) recover unpaid wages and overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

FIRST AMENDED COMPLAINT

9. Plaintiff also asserts various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure ("the California Class"). The California Class Action is brought on behalf of Home Point Employees who worked for Home Point in the State of California at any time during the period four years prior to the date that this lawsuit was filed, plus tolling for the LWDA exhaustion, and through the date of judgment ("California class"). The California class has claims based upon the same unlawful business practice of not being paid their wages and/or compensation for all hours worked as required under the applicable federal law, California law including the Labor Code, UCL, and Wage Orders. The California class also has claims based upon the illegal and unlawful business practices of a) failing to pay the California class premium wages owed for overtime hours worked based on the legally required "regular rate" including any commission and/or bonus wage compensation. Plaintiff is informed and believes, and based thereon alleges, that Home Point knew or should have known that Plaintiff and the California class were entitled to receive premium wages for overtime compensation based on a regular rate that includes commission and/or bonus wages and that neither Plaintiff nor the California class were receiving all minimum wages due and owing under the law for overtime hours worked, and b) failing to timely pay the California class all wages owed upon discharge or resignation. Plaintiff and the other California class members did not receive payment of all wages, including overtime and minimum wages, within any time permissible under California Labor Code section 204, and c) failing to provide Plaintiff and the California class with complete and accurate payroll/wage statements and/or reports in accordance with California law. During the liability period, Plaintiff and other similarly situated employees received commissions and nondiscretionary bonuses as well as an hourly rate. There is a systemic

FIRST AMENDED COMPLAINT

miscalculation of the overtime rate for compensation, which is predicated on Plaintiff and all similarly situated employees' hourly rate and commissions/bonuses. On information and belief, Plaintiff and all similarly situated employees assert that Defendants failed to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation. This miscalculation in failing to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime, directly led to Defendants undercompensating Plaintiff and all other similarly situated employees for overtime hours worked. Additionally, on information and belief, these commissions and bonuses were not always paid to Plaintiff and other similarly situated employees when earned or when due, thereby making Defendants liable for failing to timely pay commissions and bonuses (or at times at all) and to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation. This failure to properly pay commissions and bonuses also led directly to Defendants undercompensating Plaintiff and other similarly situated employees for overtime hours worked. Defendant's failure to pay Plaintiff and other similarly situated employees the unpaid balance of premium overtime compensation violates the provisions of California Labor Code sections 510 and 1194, as well as IWC wage order 4-2001 and the Federal Labor Standards Act ("FLSA"), which serves a predicate violation of California Business and Professions Code section 17200, et seq.

10. The California class seeks to (i) recover daily and weekly unpaid compensation owed to the California class, (ii) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Home Point has terminated and who have not been timely paid all wages due to them upon termination of their employment, (iii)

damages as permitted under California Labor Code Section 226, and (iv) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

11.    Finally, the claim under Section 17200 of the California Business and Professions Code seeks equitable and injunctive relief enjoining Defendants from the allegedly illegal conduct and for failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

12.    The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as loan originators, mortgage professionals, loan officers, loan processors who worked the first shift of any day in the United States during the period three years prior to the date that this lawsuit was filed through the date of judgment. Plaintiff is a United States citizen. Plaintiff was employed in and resides in the State of California. At all times material herein, the named Plaintiff has been (a) employed as nonexempt employee by Defendants, (b) in one of the positions of loan originators, mortgage professionals, loan officers, and loan processors, and (c) worked overtime and was paid wages that included bonus and commission pay/compensation.  Plaintiff is identified in the caption of the Complaint and has given his written consent to be party Plaintiff in this action pursuant to 29 U.S.C. § 216(b).

**THE PARTIES**

13.    The named Plaintiff, Brandon Norona is a United States citizen residing in the state of California.  Plaintiff is a former employee of Home Point, who conducted business for Home Point throughout the State of California, including within the geographic area encompassed by the Northern District, from approximately June 2017 to November 2017.   Plaintiff was a non-exempt

employee of Home Point, he worked overtime and earned bonuses and commission wages. During his employment with Home Point, like other Home Point Employees, Plaintiff regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek. Plaintiff has not been paid all wages owed for all hours worked as required under the FLSA and California law. Plaintiff has been injured by the illegal practices and conduct alleged in this complaint. Plaintiff's claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California class.

14.   On information and belief, Defendant Home Point Financial Corporation is a corporation incorporated in the State of Kansas with its worldwide headquarters located at 1194 Oak Valley Drive, Suite 80, Ann Arbor, Michigan 48108. Home Point Financial Corporation is qualified to and does do business in the State of California and nationwide.

15.   Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of and its employment practices applicable to Plaintiff and the alleged class.

16.   Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

17.   At all times material to this action Defendants have been an "employer" of the named Plaintiff, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

18.   The California class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

19.   Members of the California class are so numerous that joinder of all such members is impracticable. Although the exact size of the California class is unknown, it is believed and alleged that the number of persons in the California

class is more than 50. The number of current and former individuals in the California class is so numerous that joinder is impracticable if not impossible.

20. There are questions of law and fact common to the California class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include the propriety of Defendant's systemic premium overtime calculations for weeks where commission and/or bonus is earned; whether all wages were timely paid to employees upon termination of employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

21. The prosecution of separate actions by the California class would create a risk of inconsistent or varying adjudications with respect to individual members of the California class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

22. Plaintiff will fairly and adequately protect the interests of the California class because he and his counsel possess the requisite resources and abilities to prosecute this case as a class action.

23. The prosecution of separate actions by the California class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

24. The questions of law and fact common to the California class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

a. Members of the California class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

b. Plaintiff is not aware of any other litigation concerning the controversy already commenced by the California class. (Fed.R.Civ.P. 23(b)(3)(B).)

c. It is desirable to concentrate the litigation of the claims in this Court because Home Point does a substantial amount of business in this district;

d. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

25. Plaintiff contemplates providing a notice or notices to the California class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

26. Plaintiff also contemplates providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

**FIRST CLAIM FOR RELIEF FOR VIOLATION**
**OF THE FAIR LABOR STANDARDS ACTION OF 1938**
**(On Behalf of the FLSA Employees As Against Defendant)**

27.     Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 26, above except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

28.     The FLSA regulates, among other things, the payment of overtime pay by employers. 29 U.S.C. § 207(a)(1).

29.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees for all hours worked and for those who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Home Point is, and was, subject to this requirement to pay Home Point Employees both for all hours worked and one and one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. The FLSA requires that commissions and bonus pay earned by Home Point Employees be evaluated in determining/calculating the regular rate of pay and overtime rate of pay.  Defendants violated the FLSA by failing to pay Home Point Employees the correct overtime wages owed for all hours worked.

30.     The persons employed by Defendants as Home Point Employees in the United States regularly, and as a matter of policy and practice, worked and do work hours in which they are not paid overtime according the law.  Specifically, Defendant's company-wide policy does not pay its Home Point Employees overtime using the correct calculation methodology for the hours worked overtime.  Home Point Employees frequently work in excess of forty (40) hours in a workweek, but Defendants do not pay Home Point Employees for overtime wages based on the correct regular and/or overtime rate.  As a result, Defendants have deprived Plaintiff and the other Home Point Employees of wages earned by not paying the Home Point Employees for all hours worked and not paying them premium wages owed for overtime hours worked which is based on the commissions and bonuses earned during a particular pay period.

31.     Home Point's violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

32.     The employment and work records for the Plaintiff is in the exclusive possession, custody and control of Defendants and Plaintiff are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## SECOND CLAIM FOR RELIEF FOR VIOLATIONS
## OF CALIFORNIA LAW
### (On Behalf of the California Class Only)

33.     Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 32 above, excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

34.     Home Point Employees are subject to – and entitled to the protection of -- the terms and conditions of the California Labor Code and California Wage Orders, found in the California Code of Regulations, at Title 8, Section 11000, et seq., as amended.

35.     The California class regularly, and as a matter of policy and practice, worked and do work hours in excess of forty (40) hours in a workweek, and/or in excess of eight (8) hours in a day entitling them to payment of daily and weekly

overtime pay under California Wage Orders and the California Labor Code. Defendant has failed to pay these persons all wages owed for all hours worked including correctly calculated premium overtime pay to which they are entitled, thereby violating California law. This is in violation of California Labor Code sections 1194, 1198 and 510 and the Industrial Welfare Commission ("IWC") Wage Order applicable to Defendants' business. Also during the relevant time period, Home Point intentionally and willfully failed to pay the minimum statutory overtime wages owed to Plaintiff and the other California class members due to a miscalculation of the "overtime rate" by not including commissions and/or bonuses earned during a particular pay period, which should be calculated in order to determine the regular rate. Plaintiff and the other California class members are entitled to recover the unpaid balance of their minimum wages owed and/or overtime wages as well as interest, costs, and attorney's fees.

36. Home Point does not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Home Point fails to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a).

37.     California Labor Code Section 226(e) provides:  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."  Plaintiff, NORONA, and the California class members suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Home Point's failure to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a), Plaintiff and the California class could not "promptly and easily determine" from the wage statement alone the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information), nor was the overtime rate or the hours worked provided in the statements accurate.

38.     During the class period, Home Point failed to provide Plaintiff and the California class members with timely and accurate wage and hour statements

showing gross wages earned, net wages earned, overtime pay, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

39. As alleged herein, Plaintiff and the California class members are/were not exempt from the requirements of California's labor laws and regulations. Plaintiff and the California class members were and will be injured by Home Point's failure to comply with the aforementioned requirements for time records and wage statements.

40. Based on Home Point's conduct as alleged herein, Defendants are liable to Plaintiff and the California class members for damages for each labor code violation, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

41. The California class is entitled to receive the unpaid wages due them under California law. In addition, the California class is entitled to recover interest on the amount of unpaid wage pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of "waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. Those in the California class whose employment has been terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

## THIRD CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

### (On Behalf of the California Class Only)

42. Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 41, above excepting those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

43. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

44. Defendants have engaged in, and continue to engage in the unlawful, unfair and fraudulent business practices alleged hereinabove in violation of Section 17200 of the California Business and Professions Code.

45. These challenged policies and practices have harmed the named Plaintiff, the members of the California class and the general public.

46. As a result of these unlawful policies and practices, Plaintiff is entitled to an injunction issue against Defendants, pursuant to Section 17203 of the California Business and Professions Code, to prevent them from engaging in such future unlawful, unfair and fraudulent business practices. Plaintiff also is entitled to an order requiring Defendants to provide restitution to all persons who have suffered losses or injury as a result of these unlawful business practices, including but not limited to all California class members, during the applicable limitations period.

47. Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

**FOURTH CLAIM FOR RELIEF UNDER THE PAGA**
**(Private Attorneys General Act Penalties**
**California Employees Only)**

48. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49. As a direct proximate result of the California labor code violations

alleged herein, Plaintiff, on behalf of the State of California and others similarly situated, is entitled to recover penalties pursuant to California Labor Code Sections 2698-99 (Private Attorneys General Act aka PAGA). Plaintiff seeks statutory penalties for violations of Cal. Labor Code Sections 200-204, 226, 226.3, 226.7, 512, 558, 558.1, 1194, 1197, 1197.1 and 1198.

50.     Plaintiff has taken all the steps necessary to exhaust administrative remedies and has exhausted his administrative remedies.

51.     Plaintiff gave written notice of his claims under Cal. Lab. Code section 2699 et seq. to the California Labor and Workforce Development Agency and the California Labor and Workforce Development Agency did not respond within the time frame established under Cal. Lab. Code section 2699 as to whether it intended to investigate Plaintiff's claims. As such, Plaintiff is entitled to seek certain civil penalties for himself and other current or former aggrieved employees through a civil action filed on their behalf.  These penalties are in addition to all other remedies permitted by law.

52.     In addition to penalties set by statute, Plaintiff and other similarly situated current and former individuals are also entitled to recover interest thereon, attorney's fees and costs.

53.     Based on Defendants' conduct as alleged herein, Defendants are liable to Plaintiff and similarly situated current and former individuals for civil

penalties, injunctive relief, plus interest, attorneys' fees, expenses and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2. Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

3. For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4. For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5. For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Section 226 owed to the California class under California law;

6. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class whose employment has terminated with Defendants and who were not timely paid all wages due and owing to them at the time of such termination;

7. For penalties allowed as set forth herein and under the PAGA;

8. For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 and PAGA of the California Labor Code, and Section 1021.5 of the California Code of Civil Procedure;

9. For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California; and

10. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein; and

11. Grant such other legal and equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: March 7, 2018                    RIGHETTI · GLUGOSKI, P.C.

                                        */s/ Matthew Righetti*
                                        Matthew Righetti,
                                        Attorney for Plaintiffs