MATTHEW RIGHETTI, State Bar No. 121012
matt@righettilaw.com
JOHN GLUGOSKI, State Bar No. 191551
John@righettilaw.com
MICHAEL RIGHETTI, State Bar No. 258541
456 Montgomery Street
Suite 1400
San Francisco, CA 94104
Telephone:    (415) 983-0900
Facsimile:    (415) 397-9005

REUBEN D. NATHAN, State Bar No 208436
rnathan@nathanlawpractice.com
NATHAN & ASSOCIATES, APC
600 W. Broadway, suite 700
San Diego, CA 92101

Attorneys For Plaintiffs
BRANDON NORONA and LINDA CORBIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON NORONA, and LINDA CORBIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME POINT FINANCIAL CORPORATION,<br><br>Defendant. | 4:17-cv-07205-HSG<br><br>**[PROPOSED] JUDGMENT**<br><br>Judge: Hon. Haywood Gilliam, Jr.<br><br>Date:   Sept. 26, 2019<br>Time:  2:00 p.m.<br>Courtroom: 4<br><br>Complaint Filed: December 19, 2017 |

On April 12, 2019, the Court issued an Order granting Plaintiffs' Motion for Preliminary Approval of the class action/collective/representative settlement reached with Defendant Home Point Financial Corporation ("Home Point") (ECF No. 52). On April 22, 2019, the Court issued an Order on Stipulation Re Order on Motion for Settlement Administration Schedule for Class Collective Settlement (ECF No. 56). On August 19, 2019, Plaintiffs filed their Motion for Final Approval of this settlement (ECF No. __). On _____, 2019, the Court issued an order granting final approval (ECF No. __).

Having finally approved the parties' Settlement, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. The Settlement Agreement reached by the parties constitutes a fair, reasonable, and adequate resolution of a bona fide dispute in this matter.

3. The Notice of Class Action Settlement and the Notice of Collective Settlement fairly and adequately advised Settlement Class Members and Settlement Collective Members, respectively, of their right to receive their share of the Settlement, the scope and effect of the Settlement's Released Claims, the rights and obligations of Settlement Class Members and Settlement Collective Members relating to the relief provided through the Settlement, the Court's preliminary approval of the proposed Settlement Class Members' right to exclude themselves from and/or object to the Settlement, the Settlement Class Members and Settlement Collective Members' right to participate in the Settlement, the date of the Final Approval Hearing, and the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Settlement Class Members and Settlement Collective Members had adequate time to consider this information and to use the procedures identified in the Notice of Class Action Settlement and the Notice of Collective Settlement. The Court finds and determines that these notice procedures afforded adequate protections to Settlement Class Members and Settlement Collective Members, and that the Notice of Class Action

Settlement and the Notice of Collective Settlement was the best notice practicable, which satisfied the requirements of law and due process.

4. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Attorney General of the United States and the appropriate state officials fully and adequately complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the California Labor Workforce Development Agency fully and adequately complied with the notice requirements of the Private Attorney General Act, California Labor Code § 2699(*l*).

6. The Court, having found that each of the elements of Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3) are satisfied, for settlement purposes only, certifies the following Settlement Class: All persons currently or previously employed by Defendant in California, including under its prior name, Maverick Funding Corp., as originators, mortgage professionals, loan officers, loan processors and other non-exempt employees in positions that were eligible for commissions and/or non-discretionary bonuses, the amounts of which are measured by or dependent on hours worked, production, or efficiency, from December 19, 2013 through and including September 30, 2018, who have not previously released their claims. The Settlement Class does not include any person who was employed solely by Stonegate Capital Corporation and/or Cross-Line Capital, Inc. in California. Individuals employed as a non-exempt inside loan agent, mortgage advisor, or mortgage loan officer at Stonegate Capital Corporation and/or Cross-Line Capital, Inc. and subsequently employed by Defendant while residing in California as non-exempt employee, in positions that were eligible for commissions and/or non-discretionary bonuses, the amounts of which are measured by or dependent on hours worked, production, or efficiency are included in the Settlement Class but only for the period of time employed by Defendant starting June 1, 2017 through and including September 30, 2018.

7. The Court certifies, for settlement purposes only, the following Settlement Collective and finds for this limited purpose the individuals in the Settlement Collective are similarly situated as required by 28 U.S.C. § 216(b): All persons currently or previously employed by Defendant in the United States while residing outside California, including under Defendant's previous name, Maverick Funding Corp., as non-exempt loan originators, mortgage professionals, loan officers, loan processors and other non-exempt employees in positions that were eligible for commissions and/or non-discretionary bonuses, the amounts of which are measured by or dependent on hours worked, production, or efficiency, from December 19, 2014, through and including September 30, 2018, who have not previously released their claims.

8. For purposes of this Judgment and this Settlement only, the Court hereby certifies (a) the Settlement Class Members' Released Claims asserted on behalf of Settlement Class Members, as defined in the Settlement Agreement; and (b) the Settlement Collective Members' Released Claims asserted on behalf of Settlement Collective Members, as defined in the Settlement Agreement.

9. The Court hereby approves the settlement of the California Private Attorney General Act claims under the terms of the Agreement.

10. All Settlement Class Members who did not submit timely requests for exclusion ("Participating Settlement Class Members") and all Settlement Collective Members who submitted timely request to opt-in ("Participating Settlement Collective Members") shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order and Final Judgment to be entered by the Clerk of the Court.

11. The Parties are ordered and directed to effectuate the Settlement according to its terms. The Court orders the Settlement Administrator to distribute the Settlement funds as approved and in accordance with the provisions of the Settlement Agreement upon the Effective Date.

12. As of the Effective Date, Participating Settlement Class Members and Participating Settlement Collective Members shall be deemed to have released the Released Parties

from all Claims as defined in the Settlement Agreement.  All Participating Settlement Class Members and Participating Settlement Collective Members are hereby forever barred and enjoined from prosecuting the Claims against the Released Parties.  The PAGA Claims asserted in this action are dismissed with prejudice as to Plaintiff Norona and all PAGA Releasees (including all Settlement Class Members who submitted timely requests for exclusion) to the maximum extent permitted by law.  The Settlement Class Members are permanently barred and otherwise enjoined from (i) filing, commencing, prosecuting, intervening in, re-opening or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims and (ii) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action or representative or PAGA action, any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class or PAGA allegations, or seeking class certification in a pending action) based on the Released Claims.

13. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiffs, any Settlement Class Member or Settlement Collective Member, Defendant, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member or Settlement Collective  Member, or any other person has suffered any damage; *provided*, *however*, that the Settlement Agreement, this Order, and the Final Judgment to be entered thereon may be filed in any action by Defendant or Settlement Class or Settlement Collective Members seeking to enforce the Settlement Agreement or

the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to the Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Member or Settlement Collective Members or any other person subject to the provisions of this Order.

14. In the event that the Settlement Agreement does not become final and effective in accordance with the terms of the Settlement Agreement, then this Order and the Final Judgment and all orders entered in connection herewith, including any order of conditional certification and/or appointing a class and/or collective representative or Class Counsel, shall be rendered null and void and be vacated. Moreover, the parties shall be returned to the status each occupied before they entered into the Settlement without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement. Additionally, any Settlement funds distributed under the terms of the Settlement shall be returned to Defendant.

15. Without in any way affecting the finality of this Order and the Final Judgment, this Court hereby retains continuing jurisdiction as to all matters relating to: (a) the interpretation and enforcement of the terms of the Settlement; (b) Settlement administration matters; and (c) such post-Judgment matters as may be appropriate under Court rules or as set forth in the Settlement.

16. The Court hereby enters judgment of the entire Action, with prejudice, for the reasons set forth above and in the Court's April 12, 2019 order (ECF No. 52), and upon the terms set forth in the Settlement Agreement.

17. This Action and the claims alleged therein are hereby ordered dismissed with prejudice.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Date: _____, 2019

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Court Judge

FIRMWIDE:166113218.1 096747.1001